UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ADVANTA TECHNOLOGY LIMITED, et al.,  )
                                      )
    Plaintiffs,                       )
                                      )
  vs.                                 )    Case No. 4:08CV00612 ERW
                                      )
BP NUTRITION, INC., et al.,           )
                                      )
    Defendants.                       )

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Remand [doc #10] pursuant to 28 U.S.C. § 1447.

**I.    BACKGROUND**[1]

On March 31, 2006, Advanta Technology Limited and Garst Seed Company (collectively, "Plaintiffs") initiated this action in the Circuit Court of St. Louis County, Missouri, asserting various state law claims for indemnity against BP Nutrition and BP America (collectively, "Defendants").[2] When Plaintiffs served their answers to Defendants' interrogatories on February 21, 2007, they stated that not only did they seek damages, but pursuant to an indemnity obligation and deed of release and waiver, AstraZeneca Holdings BV ("AstraZeneca") and Cosun VDH BV

---

[1] The Court's recitation of facts is taken from Defendants' Notice of Removal [doc #1], Plaintiffs' Memorandum in Support of Motion to Remand [doc # 11], and accompanying exhibits.

[2] Plaintiffs' underlying claim for indemnity stems from a 1990 Technology Agreement, in which Defendant BP Nutrition and Edward J. Funk & Sons, Inc. sold copyrighted and patented plant technology to Imperial Chemical Industries, and promised to "jointly and severally indemnify and hold harmless [Imperial], its successors and assigns" for any third party claims alleging copyright or patent infringement. According to Plaintiffs' Petition, Plaintiff Advanta is the successor to Imperial. Plaintiff Advanta is also the parent company of Plaintiff Garst. In December 2003, Pioneer Hi-Bred International sued Garst for patent infringement and eventually settled. Plaintiffs requested indemnification from Defendants under the Technology Agreement.

("Cosun")[3] had become "subrogated to and entitled to pursue all claims for the Settlement Payment and Defense Costs in the name of Advanta Technology and Garst."

Based on Plaintiffs' Interrogatory Answer, on March 15, 2007, Defendants filed its first Notice of Removal.[4] Defendants claimed that Garst Seed Company ("Plaintiff Garst") assigned its claims for indemnification to AstraZeneca and Cosun, making them the real parties in interest instead of Plaintiff Garst. Accordingly, Defendants argued that although Plaintiff Garst was not diverse from Defendants, AstraZeneca and Cosun were diverse, and diversity jurisdiction was established under 28 U.S.C. § 1332(a).

On April 16, 2007, Plaintiffs filed a Motion to Remand the case to the Circuit Court for St. Louis County, Missouri. Plaintiffs argued that Plaintiff Garst had not assigned, but merely subrogated, its claims to AstraZeneca and Cosun. Under Missouri law, a subrogor retains legal title to the claim and the exclusive right to sue, and Plaintiffs asserted that the Court did not have jurisdiction. This Court, finding only subrogation, and not an assignment, remanded the matter on August 10, 2007. *Advanta Technology Ltd. v. BP Nutrition*, 4:07CV00516 ERW.

Through the discovery process, Defendants learned of the existence of a Deed of Release and Waiver ("Deed of Release"), and filed a Motion to Compel the production of this document. Plaintiffs produced the Deed of Release on March 24, 2008, which stated:

> Syngenta[5] shall procure that Garst . . . assigns to [AstraZeneca and Cosun] any and all rights of recovery and the right to control, prosecute and settle . . . including but not limited to, claims for indemnification, breach of contract, and breach of representation and/or warranty, in relation to the subject matter of the Pioneer Litigation relating to or arising out of . . . the agreement for the sale and purchase of technology of the Corporation, Edw. J. Funk & Sons, Inc., dated October 2, 1990.

---

[3] AstraZeneca and Cosun each own 50% of Plaintiff Advanta.

[4] Case No. 4:07CV00516 ERW

[5] On August 31, 2004, Syngenta Alpha B.V. bought Plaintiff Advanta.

When Defendants asked Plaintiffs to produce the purported assignment agreement mentioned in the Deed of Release, Plaintiffs stated that no assignment existed, and that the Deed of Release only referred to "a possible future assignment that never occurred."

On April 5, 2008, Plaintiffs produced to Defendants a letter dated September 5, 2005 ("the letter") between Plaintiff Garst and Syngenta. The letter states:

> Garst agrees to assign to [AstraZeneca and Cosun] any and all rights of recovery and the right to control, prosecute and settle . . . including but not limited to, claims for indemnification, breach of contract, and breach of representation and/or warranty, in relation to the subject matter of the Pioneer Litigation relating to or arising out of . . . the agreement for the sale and purchase of technology of the Corporation, Edw. J. Funk & Sons, Inc., dated October 2, 1990.

Plaintiffs claim they had no knowledge of the letter until April 2, 2008, when they received the Settlement Agreement from Pioneer Hi-Bred International.

After receiving the letter, Defendants filed a second Notice of Removal pursuant to 28 U.S.C. § 1446(b) on April 30, 2008. Defendants have also filed a Motion for Relief from Order Pursuant to Rule 60(b) in Case No. 4:07CV00516 ERW, asking that the Court vacate the August 10, 2007 Remand Order.[6] Plaintiffs then filed a Motion to Remand pursuant to 28 U.S.C. § 1447, and this Motion is currently pending before the Court.

## II. LEGAL STANDARD

A claim is removable to federal court only if federal courts have original jurisdiction through diversity or federal question jurisdiction. *Peters v. Union Pacific R.R.. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction has the burden of proof that the prerequisites to jurisdiction are satisfied. *In re Business Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir.

---

[6] Defendants have filed a Motion for Relief from Order Pursuant to Rule 60(b) in Case No. 4:07CV00516 ERW. Defendants' Motion for Relief will not be addressed in this Memorandum and Order.

3

1993). If a case is not removable as initially pled, "a notice of removal may be filed within thirty days after the receipt . . . of a copy of an amended pleading, motion, order, or other paper" that alerts the defendant that the action is removable. 28 U.S.C. § 1446(b). The statute then limits a defendant's ability to remove an action by stating that removed is unavailable if "more than 1 year . . . [has passed since the] commencement of the action." 28 U.S.C. § 1446(b)

Removal statutes are strictly construed. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). Any doubts about the propriety of removal are resolved in favor of remand. *In re Business Men's Assurance Co.*, 992 F.2d at 183; *McHugh v. Physicians Health Plan of Greater St. Louis*, 953 F. Supp. 296, 299 (E.D. Mo. 1997). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the Court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c).

### III. DISCUSSION

At issue in this case is whether this action may properly be removed. The Court will assume for the purposes of this Motion that the Parties are diverse and that Plaintiffs misrepresented to the Court that Plaintiff Garst was the real party in interest. The Court must therefore determine whether the one-year limit on removal prescribed by 28 U.S.C. § 1446(b) may be equitably tolled, and alternatively, if removal is proper under *Lindsey v. Dillard's, Inc.*, 306 F.3d 596 (8th Cir. 2002). The Court will consider each argument separately.

#### A. *EQUITABLE TOLLING OF 28 U.S.C. § 1446(b)*

Defendants argue that the one-year limitation set by 28 U.S.C. § 1446(b) should be equitably tolled. Defendants state that Plaintiffs misrepresented to the Court that Plaintiff Garst, the only non-diverse Plaintiff, was the real party in interest, when the Deed of Release and the letter both illustrate the existence of an assignment of Plaintiff Garst's claim to AstraZeneca and

4

Cosun. Defendants assert that equitable tolling is appropriate because of Plaintiffs' misrepresentation. The Court finds that the one-year limit is absolute and cannot be equitably tolled.

The one-year limit "only applies to cases that were not removable to federal court when originally filed." *Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002). Courts disagree as to whether this limit is subject to an equitable exception. Some courts view the one-year limit as absolute, regardless of any party misconduct. *See, e.g., Jones Mgmt. Servs., LLC v. KES, Inc.*, 296 F. Supp. 2d 892 (D.C. Tenn. 2003); *Johnson v. America Online, Inc.*, 280 F. Supp. 2d 1018 (D.C. Cal. 2003); *Santiago v. Barre Nat'l, Inc.*, 795 F. Supp. 508 (D. Mass. 1992). Other courts allow equitable tolling to prevent plaintiffs from engaging in forum manipulation. *See, e.g., Rauch v. Rauch*, 446 F. Supp. 2d 432 (D.C. S.C. 2006); *Leslie v. BancTec Serv. Corp.*, 928 F. Supp. 341 (D.C. N.Y. 1996); *Kite v. Richard Wolf Medical Instruments Corp.*, 761 F. Supp. 597 (D.C. Ind. 1989).

The Eighth Circuit has not considered whether one-year limitation set by 28 U.S.C. § 1446(b) is procedural or jurisdictional. If the time requirement is procedural, then it would be subject to equitable tolling. Jurisdictional time limits, however, "cannot be waived or forfeited." *Dill v. General American Life Ins. Co.*, 525 F.3d 612, 617 (8th Cir. 2008) (citing *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004); *Bowles v. Russell*, 127 S.Ct. 2360, 2366 (2007)).

Defendants rely upon case law from the Fifth Circuit, and a prior opinion of this Court, to argue that § 1446(b)'s one-year limit is procedural and subject to equitable tolling. The Fifth Circuit found that the one-year limit is procedural, and may be waived where a Plaintiff engages in forum manipulation, because it "justifies an application of an equitable exception in the form of estoppel." *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426-27 (5th Cir. 2003) (internal

5

citation omitted). As such, the Fifth Circuit held that the one-year limit in § 1446(b) "is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit." *Id.* at 426.

Similarly, in *McBride v. Amoco Oil Co.*, this Court considered a situation in which a plaintiff filed her third amended petition over two years after the action commenced and claimed for the first time damages in excess of the amount in controversy required for jurisdiction at that time. *McBride*, 4:97CV01814 ERW. The Court held that waiting until the third amended complaint to claim such damages demonstrated an impermissible attempt to manipulate the forum and estopped the plaintiff, based on the view that district courts have the power to control impermissible forum manipulation. *Id.* (citing *Kinabrew v. Emco-Wheaton, Inc.*, 936 F. Supp. 351, 353 (M.D. La. 1996); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986)).

If this Court had discretion to deny Plaintiff's Motion to Remand, this case would remain pending before the Court, however, in light of recent Court opinions, the Court now finds that 28 U.S.C. § 1446(b) establishes a jurisdictional requirement that may not be equitably tolled. The statute plainly states that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after the commencement of the action." 28 U.S.C. § 1446(b). The plain language of the statute is unambiguous. When statutory language "is unambiguous, that language is conclusive absent legislative intent to the contrary." *Clark v. U.S. Dept. of Agriculture* 537 F.3d 934, 940 (8th Cir. 2008) (quoting *United States v. McAllister*, 225 F.3d 982, 986 (8th Cir. 2000)). In this case, the plain language of the statute demonstrates that the one-year limit is absolute. The legislative history acknowledges that the one-year limit "is a modest curtailment in access to diversity jurisdiction," indicating Congress' awareness that some

defendants may lose access to a federal forum. *See H.R. Rep. No. 100-889*, at 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032-33.

The vagaries of consolidation of large companies present predictable circumstances where document retrieval, assuming good faith in attention to responsive production, can prevent a defendant, with lawful right to removal to federal court, from exercising that legitimate right. The circumstances of this case, under any standard of diligence by Defendants in their exhaustive and timely requests to Plaintiffs, call for this Court to act to enforce the right to removal, which would ordinarily would have been summarily granted, if requested information had been timely disclosed. The Court makes no conclusions of bad faith in concluding that the Statute, as written, encourages poor record management and inattention to timely compliance with the rules of production. An exception for equitable tolling of the time requirement, in exceptional cases like this one, would permit courts to address the ever increasing dilemma of timeliness of production in consolidation of large domestic and international companies. However, Congress, and not the courts, has the power to address the equitable tolling issue. Nevertheless, in the face of the law as it has evolved, creating an equitable exception for § 1446(b) would "[contravene] the Court's role of interpreting and applying a statute as written by Congress." *Harris*, 2007 WL 1701868, at *3 (citing *United States v. White Plume*, 447 F.3d 1067, 1076 (8th Cir. 2006) (acknowledging that Congress, not the courts, write statutes)). In light of the plain language and legislative history of 28 U.S.C. § 1446(b), the Court finds the one-year limitation to be absolute. Because Defendants' second removal occurred after the one-year time limit, removal was untimely, and remand is appropriate.

**B.** ***"FURTHER REMOVAL" OR SECOND REMOVAL***

Defendants alternatively argue that because their first Notice of Removal was within § 1446(b)'s one-year limit they are not precluded from a "further," or second, removal under diversity jurisdiction, even if it is outside the time limit. To support this argument, Defendants rely upon *Lindsey v. Dillard's, Inc*. *See* 306 F.3d at 600. In *Lindsey*, the defendant first sought removal based on federal question jurisdiction.[7] *Id.* at 597. The plaintiff voluntarily dismissed her federal claim and the action was remanded pursuant to 28 U.S.C. § 1447(c). *Id.* at 598. After the action was remanded, Defendant removed the suit again, this time on the basis of diversity jurisdiction. *Id.* The Eighth Circuit held that defendant was barred from asserting diversity jurisdiction because defendant had failed to do so "within one year from commencement of the case." *Id.* at 600.

To support their argument that *Lindsey* does not bar jurisdiction in this Court, Defendants cite language from *Lindsey* which states that the "[f]ailure of a party to remove within the one-year limit precludes any further removal based on diversity." *Id.* Defendants assert that because they originally removed the claim within the one-year limitation, they "preserved" their right to remove and state that they can now re-assert diversity jurisdiction.

The Court finds that the language used by the Eighth Circuit in *Lindsey* does not support Defendants' interpretation. The Eighth Circuit's reference to "further removal" referred to the case's procedural posture. *Id.* at 600. *Lindsey* did not involve a defendant who had made a previous timely removal based on diversity, and instead, this phrasing referenced an unsuccessful removal based on federal question jurisdiction, followed by defendant's "further" untimely attempt to remove based on diversity. *Id.* This interpretation is supported by the sentence immediately preceding the comment precluding "any further removal based on diversity." The

---

[7] Federal question jurisdiction is not subject to § 1446(b)'s one-year limit.

8

preceding sentence states that under § 1446(b), "parties must remove all diversity cases to federal court within one year of the commencement of the action." *Id.* This language indicates strict adherence to the one year time limit of § 1446(b). Considering the circumstances of the case, the Court finds that *Lindsey v. Dillard's, Inc.* does not support the proposition that defendants may re-remove a case to federal court, based in diversity jurisdiction, if they had previously removed the case based on diversity jurisdiction within one year from the action's commencement.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand [doc. #10] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of this Court shall remand this action to the Circuit Court of St. Louis County, State of Missouri, from which it was removed.

Dated this 16th Day of October, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE